**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4012**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNIE WILLIAM HUNT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:06-cr-00016-REP)

Submitted:  January 11, 2008        Decided:  January 25, 2008

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Reginald M. Barley, Richmond, Virginia, for Appellant.   Charles Philip Rosenberg, United States Attorney, Alexandria, Virginia; Olivia N. Hawkins, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie W. Hunt appeals his jury convictions and 171-month sentence for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 (2000); possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c) (2000); and possession of a firearm by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3) (2000). Hunt's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but asking this court to review whether the evidence was sufficient to prove beyond a reasonable doubt that Hunt was guilty of possession with intent to distribute marijuana. Hunt was given an opportunity to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable

- 2 -

doubt.'"  United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).  In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  The court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In order to establish a violation of § 841(a), the Government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it.  Burgos, 94 F.3d at 873.  Possession may be actual or constructive.  United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992).  "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it."  United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985).  Possession need not be exclusive but may be joint and "may be established by direct or circumstantial evidence."  Id.  Mere presence in a residence where narcotics are discovered is not sufficient to establish possession, nor is association with another individual who possesses drugs.  See

United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). However, joint tenancy of a residence where drugs and drug paraphernalia are stored in common areas may be sufficient to establish possession with intent to distribute. See United States v. Morrison, 991 F.2d 112, 114-15 (4th Cir. 1993).

Hunt asserts that the evidence failed to demonstrate he knowingly possessed the narcotics in question, as he contends he was unaware of the large amount of marijuana in his home and that the drugs belonged to his housemate. However, when taken in the light most favorable to the Government, we find that the evidence is sufficient to uphold Hunt's conviction. In a bedroom near the kitchen, officers found a large black plastic bag that contained four smaller bags of marijuana. In that same room, officers found various documents with Hunt's name on them, including a number of envelopes addressed to him. At trial, Hunt stated that while that bedroom had previously been used by his daughter, both he and his housemate had access to it.

The police also uncovered two digital scales, one of which was located in the living room, as well as seven boxes of storage bags that were found on the kitchen table. Officers also recovered a pistol-grip shotgun used by Hunt, which was described by police as an "assault shotgun" that would only be used for personal protection. In addition, trial testimony indicated that Hunt was not only aware of the drugs in his residence, but was

actively involved in selling drugs to others, as two witnesses testified that Hunt sold them marijuana from January 2005 until November 2005. While Hunt attempted to discredit their testimony, credibility determinations are not reviewable on appeal. See Romer, 148 F.3d at 364.

While there is some evidence that Hunt's housemate also possessed drugs, possession is not necessarily exclusive, as it may be shared with others and can be established by circumstantial evidence. United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980). Not only were large amounts of marijuana found in common areas of the residence, but the presence of firearms, packaging materials, and digital scales constituted additional circumstantial evidence to support the conviction. See United States v. Fisher, 912 F.2d 728, 730-31 (4th Cir. 1990). Accordingly, we conclude there was sufficient evidence to support Hunt's conviction for possession with intent to distribute marijuana.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hunt's convictions and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED